# PROVIDENCE COUNTY.

## WILLIAM AMES, Trustee, *vs.* SAMUEL AMES.

Testamentary disposition as follows : —

" The remaining one third part of said residuary (estate) I give, devise, and bequeath unto my said nephew, William Ames, in trust for the uses and purposes following, that is to say: The said trustee shall collect and receive all the rents, dividends, profits, and income that may arise or accrue from or out of said one third part, and the same from time to time in his own discretion apply and appropriate for the sole use and benefit of my said sister, Candace C. Carrington, for and during the term of her natural life; hereby authorizing and empowering my said trustee, in his discretion, and if he shall at any time deem it wise and expedient, to apply and appropriate the whole or any portion of the body or capital of said one third so held in trust as aforesaid, to the use and benefit of my said sister Candace during her lifetime. And upon the decease of my said sister Candace, I hereby direct my said trustee to assign, transfer, and convey the said one third part of my residuary estate, or such portion thereof as shall remain in his hands, unto the children of my said sister Candace, or their descendants, in equal portions, share and share alike, to have and to hold the same unto them, their heirs and assigns forever."

*Held,* that Ames took as trustee a fee simple, with power to sell and to convey the fee.

BILL IN EQUITY for specific performance.

The will of Sullivan Dorr, proved before the Municipal Court of the City of Providence, sitting as a Court of Probate, December 9, 1884, contains the following provision : —

" The remaining one third part of said residuary (estate) I give, devise, and bequeath unto my said nephew, William Ames, in trust for the uses and purposes following, that is to say : The said trustee shall collect and receive all the rents, dividends, profits, and income that may arise or accrue from or out of said one third part, and the same from time to time in his own discretion apply and appropriate for the sole use and benefit of my said sister, Candace C. Carrington, for and during the term of her natural life ; hereby authorizing and empowering my said trustee, in his discretion, and if he shall at any time deem it wise and expedient, to apply and appropriate the whole or any portion of the body or capital of said one third so held in trust as aforesaid, to the use and benefit of my said sister Candace during her lifetime. And upon the decease of my said sister Candace, I hereby direct my said trustee to assign, transfer, and convey the said one third part of my residuary estate, or such portion thereof as shall remain in

his hands, unto the children of my said sister Candace, or their descendants, in equal portions, share and share alike, to have and to hold the same unto them, their heirs and assigns forever."

Ames, the trustee, contracted to sell to the respondent realty received under this provision, and this bill was filed to settle doubts as to the power of Ames, trustee, to convey a good title in fee simple.

*May* 9, 1885. STINESS, J. Under the will before us, the trustee of Mrs. Carrington takes an estate in fee simple. As stated in *Waterman* v. *Greene*, 12 R. I. 483, " It is well settled that words of inheritance are not necessary in a will to pass a fee, if an intent to pass it is otherwise evinced." Such an intent is clearly shown by the direction to the trustee, upon the decease of Mrs. Carrington, " to assign, transfer, and convey the said one third part of my residuary estate, or such portion thereof as shall remain in his hands, unto the children of my said sister Candace, or their descendants, in equal portions, share and share alike, to have and to hold the same unto them, their heirs and assigns forever."

The estate thus to be conveyed by the trustee is an estate in fee simple. He could not convey such an estate if he did not receive it. If he took only an estate for life of Mrs. Carrington, with remainder vested in her descendants, there would be no necessity for a conveyance from him to them.

In this case, as in *Waterman* v. *Greene*, Gen. Stat. R. I. cap. 171, § 5,[1] went into effect after the execution of the will.

Has the trustee a power of sale under the will? He is authorized and empowered " in his discretion, and if he shall at any time deem it wise and expedient, to apply and appropriate the whole or any portion of the body or capital of said one third so held in trust as aforesaid to the use and benefit of my said sister Candace during her lifetime."

Express authority to sell is not here given to the trustee, but express authority is not requisite in cases where it is necessarily implied. The rule is clearly stated in 2 Perry on Trusts, § 766: " No particular form of words is necessary to create a power of

---

[1] Printed in 12 R. I. 485, note.

sale. Any words which show an intention to create such a power, or any form of instrument which imposes duties upon a trustee that he cannot perform without a sale, will necessarily create a power of sale in the trustee." See, also, Hill on Trustees, * 471, and cases cited; 1 Sugden on Powers, * 513.

Our inquiry therefore is, Does this will impose duties upon the trustee which require a power of sale to enable him to perform them? We think it does. When he deems it wise or expedient, he is to " apply and appropriate the whole or any portion of the body and capital" of the trust estate to the use and benefit of Mrs. Carrington during her life. The defendant suggests that " body " and " capital " seem to be used synonymously, and that capital indicates personal rather than real estate. Undoubtedly the word capital is more frequently used with reference to personal property, *e. g.* with reference to the capital stock of a corporation or the business fund of a firm. Yet in either of these cases it may, and often does, include real estate. In *New Haven* v. *City Bank*, 31 Conn. 106, the term " capital stock " was held to include both real and personal estate. The word capital suggests personalty, because it presents to the mind a sum of money which is the equivalent for other forms of property. We cannot restrict its meaning to this use, nor say that it so commonly means personalty that we must conclude that the testator so meant. The real and personal estate in this will are blended in the same residuary provision. If one can be sold, the other can, and *vice versâ*. But how can the trustee " apply and appropriate the whole or any portion " of the trust estate to the use of the beneficiary without sale? As suggested by the complainant's counsel, she cannot eat, drink, or wear real estate or shares of stock; and in many cases the only way in which they could be appropriated to her use and benefit would be by turning them into some other kind of property, which of itself implies a power of sale. The direction to the trustee to convey to the children such portion of the trust estate " as shall remain in his hands," also indicates that the testator contemplated the sale of a part, or all, if necessary. We think the words " body or capital," as used in the will, mean the principal or substance of the estate, from which income may be derived, and that the authority to appro-

priate " the whole or any portion " of it means an authority to dispose of and to appropriate the whole or any part of the substance, in the form of real or personal property, when the income does not suffice. The language may be ·unusual to indicate a power of sale, but we think it is sufficient. A general. authority to sell also implies a power to convey the fee.

No question is made as to the sufficiency of the personal estate to pay legacies ; nor as to the good faith of the trustee in exercising this discretion ; nor as to security for the application of the fund. Consequently, considering that the trustee has power to pass an estate in fee simple, we see no reason why the contract should not be performed.                     *Decree accordingly.*

*Nathan H. Truman,* for complainant.

*Samuel Ames, pro se ipso.*